THE OHIO CLOVER LEAF DAIRY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6778, 13029. Promulgated November 30, 1927.

*Thomas O. Marlar, Esq., Harry J. Gerrity, Esq.,* and *L. T. Konopak, C. P. A.,* for the petitioner.

ORDER DENYING REHEARING.

STERNHAGEN: The petitioner being dissatisfied with the Board's decision of November 5, 1927, has filed this motion for rehearing, for leave to amend its pleadings, and upon rehearing to submit further proof. The principal dissatisfaction is that it was taken by surprise when the Board decided that the facts stipulated were not sufficient to support a decision that the petitioner was as a matter of law entitled to certain deductions for depreciation and loss. It is not said that the Board's findings of fact are incomplete. The petitioner says, however, that it was intended by both parties to submit all the facts necessary to support the issue of law. It does not appear whether the respondent agrees with this or not. All that appears is that the respondent was willing to submit the case upon the stipulation as made.

It must be obvious that the Board can not reach a conclusion as to the deficiency under attack except upon the facts of record. Where the facts are in dispute it must weigh the evidence and decide the facts accordingly. Here no facts were in dispute, but the parties rested their several contentions upon an agreed statement. The issue,

therefore, was none other than whether the facts stipulated were sufficient to discharge the petitioner's burden of proof as prescribed under Rule 30 to establish the error of the Commissioner's determination. It is settled by innumerable decisions of the Board that a taxpayer's right to a deduction under section 234 (a) (7) for exhaustion, wear and tear, depends upon whether he has actually suffered such exhaustion. Depreciation is a fact. It is not sufficient that a taxpayer has made book entries or that he has set up a reserve. He must prove that his property has in fact been suffering from exhaustion, wear and tear, and the amount thereof. The petitioner here has by the stipulation proved only that it charged a certain amount on its books to a depreciation account and deducted this amount upon its income-tax return. The Commissioner has submitted that this is insufficient to justify the deduction. From the face of the record this was what the Board was required to decide, and it could not assume that either party was misled.

In petitioner's motion it is said:

If, in the view of this Board, the parties failed to present the facts in proper form, neither intending to take advantage of the other, this Board was in error in deciding this case against petitioner and instead of so doing, this Board should have pointed out the deficiency of the stipulation of facts and should have required or permitted an amendment of the stipulation, or should have required or permitted an amendment of the petition or answer and the submission of additional or supplemental proofs.

This goes beyond the function of the Board. The Board must assume that the parties represented by their counsel have presented the case intelligently according to their best interests, and except in a clear case of injustice or under extraordinary circumstances, the Board takes the record as it finds it and decides the issues in accordance therewith. The function of the Board is primarily judicial and not inquisitorial. It is only in this way that the Board can discharge the burden of deciding the many cases before it. Its task could not be effectively accomplished if it were to seek out in each case facts which the parties may have omitted from the record without knowing until after the decision whether such omission was deliberate or inadvertent.

The Board in the present case gave full and careful consideration to the record submitted in an earnest effort to decide the controversy as the parties presented it, and it can not now open the record and prolong the proceeding after full opportunity to be heard has been given. It is therefore

ORDERED that the motion be and it hereby is denied.