VICTOR G. MARQUISSEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER H. LEWIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARTIN F. MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

T. ROY PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES F. PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7391–7395. Promulgated March 30, 1928.

*Leslie M. Swope, Esq.*, for the petitioners.
*W. Frank Gibbs, Esq.*, for the respondent.

338

## OPINION.

SMITH: The first question presented by these proceedings is whether any part of the gross income of the partnership is exempt from income tax. In the filing of its returns the partnership claimed that such portion of its income as came from charges to the State of Pennsylvania or from political subdivisions of the State for work done was exempt from tax and deficiencies were determined by the respondent upon the basis that such income of the partnership was exempt income. The respondent disallowed such portion of the total expenses shown as a deduction on the partnership returns as the reported tax-exempt income bore to the total income and determined the net income of the partnership accordingly. The petitioners appealed to this Board from such disallowances. The Board refused to accept a stipulation of the parties litigant to the effect that certain income of the partnership was exempt from income tax and upon its own motion ordered a rehearing of the proceedings for the purpose of enabling it to determine the true deficiencies.

At the rehearing of this case it was testified to on behalf of the petitioners that the firm of Guilbert & Lewis had been " appointed "

prior to the taxable years herein involved, as official stenographers of the Public Service Commission of Pennsylvania and of the Board of Viewers of Philadelphia County, and it was argued that by virtue of such appointment the members and employees of the firm who performed the services for the Commission and Board were employees of the State of Pennsylvania or of a subdivision of the State and that their compensation was exempt from income tax under section 1211 of the Revenue Act of 1926.

The method of "appointment" of Guilbert & Lewis as official stenographers of the Public Service Commission and of the Board of Viewers is not clear. There was no written contract executed. The firm was engaged for an indefinite period. That period might be terminated any time by the Commission or Board. The compensation received by the firm was a given amount per one hundred words of testimony taken or transcribed. Under the arrangement the stenographic services were furnished either by members of the firm or by hired employees.

Upon this state of facts we are asked to find that the members of the partnership and its employees who performed services for the Commission and Board were employees of a State, within the purview of section 1211 of the Revenue Act of 1926. This we can not do. Even though the appointment of the partnership was not evidenced by any written contract it does not follow that the members of the partnership were employees of the State of Pennsylvania in the performance of their work or that a contract for the performance of the services did not exist. The partnership was engaged to do the work and not an individual member or employee. We think that the status of the partnership with respect to its engagement by the Commission and Board was that of an independent contractor within the rule laid down by *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 516. See also *Robert G. Gordon*, 5 B. T. A. 1047; *Fred H. Tibbetts*, 6 B. T. A. 827; *R. Clipston Sturgis*, 10 B. T. A. 1394. We are, therefore, of the opinion that the entire income of the partnership was taxable. Since this is true, there is no occasion for the disallowance of the deduction from the gross income of the partnership of any part of the expenses paid in carrying on the partnership business.

The second question is whether certain of the petitioners are entitled to deduct from gross income included in their individual tax returns the entire amounts paid by them for services of typists, materials, etc. As official stenographers of the courts of common pleas, they received salaries and fees which they have claimed as tax-exempt income and the status of such income is not questioned by the respondent. These same petitioners, however, received admittedly taxable income and they claimed the right to deduct from such taxable income the total expenses paid by them for typists, etc. The

respondent has disallowed such portion of the expenses as the taxable income bore to the total income received directly for stenographic services. The petitioners have appealed to the Board from such disallowances and submit that under section 214 (a) (1) of the Revenue Acts of 1918 and 1921 they are entitled to deduct " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business  *  *  *."

At this point it is pertinent to inquire the extent of the exemption from income tax of compensation received for the performance of services to a State or a political subdivision of a State. In the *Appeal of Robert G. Gordon, supra*, it is stated:

The Revenue Act of 1921, which was in effect during the taxable year involved, did not by its terms exempt the salaries of officers and employees of a State from the income tax, but section 1211 of the Revenue Act of 1926, which is retroactive and effective as to all prior revenue acts, provides as follows:

"Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

The above section is the only provision of the statute with respect to the compensation received by State officers or employees. That section does not expressly exempt the compensation of officers or employees of the State from the Federal income tax. It, however, clearly indicates that it was not the intention of Congress to tax compensation for personal services rendered by an officer or employee of a State. In effect, it merely incorporates into the statute the principle that had long been established by judicial construction and may fairly be considered as an interpretation of the different revenue acts. The United States Supreme Court had long prior to the enactment of the Revenue Act of 1926 held that the Federal Government had no power to levy or collect a tax upon the compensation of officers and employees of States.  *  *  *

Section 1211 of the Revenue Act of 1926 is entitled " Salaries of State and Municipal Officers." It is evident from this section that Congress intended to exempt from tax only the salaries or compensation paid for personal services. In the proceedings at bar the petitioners have excluded from gross income the total compensation received directly from the State and then in addition have claimed the deduction from admittedly taxable income of expenses incurred in connection with the earning of tax-exempt income. We think that this goes beyond the statute. Although under section 214 (a) (1) of the Revenue Acts of 1918 and 1921 an individual is entitled to deduct *all* ordinary and necessary expenses incurred in the carrying on of any trade or business, we apprehend that this should not be extended to include expenses incident to the earning by an employee of a State of compensation for personal services. To the extent that such expenses are incident to the occupation of the State employee they are not ordinary and necessary expenses of any trade or busi-

ness from which any taxable income is derived. We think that it was incumbent upon the petitioners to segregate expenses connected with their business from which taxable income was derived from expenses incident to the earning of claimed nontaxable income. The petitioners have not done this. The allocation of expenses made by the respondent is reasonable and appears to have been a proper allocation in the circumstances. *Appeal of Peter W. Rouss*, 4 B. T. A. 516. The disallowance made by the respondent is sustained.

Motion of the respondent to increase the deficiencies in accordance with the evidence adduced at the second hearing is granted.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

LOVE, dissenting: I dissent in these cases on two phases.

First, I am opposed to the policy adopted by the Board in refusing to accept a stipulation of fact signed by petitioner and respondent and filed prior to the first hearing in this case. That stipulation was a stipulation of facts, notwithstanding it did involve a legal conclusion based on facts known to the Commissioner, but not set out in the stipulation. I believe the case should have been decided on those stipulations. I do not believe that Congress designed to constitute this Board a guardian of the Commissioner of Internal Revenue or a guardian of the rights of taxpayers. The Commissioner's office is supplied with competent counsel and experts who are qualified to take care of its interests and who should be held responsible for the conduct of its affairs. Taxpayers are presumed to procure and be guided by competent counsel. When both parties come before the Board, as they may do before a district court, with a signed stipulation of facts, my inclination is to accept such stipulation and, applying the law, decide the issues involved.

Second, since a rehearing was ordered and in view of the evidence presented at that hearing, I agree with the decision reached as a result of that hearing in regard to income that is taxable and as to that which is exempt. I do not agree, however, with the decision wherein it refuses to allow a deduction of all expenses from the taxable part of the income and attempts to allocate, in a "*reasonable*" way such expenses to both taxable and exempt income. The statute is not ambiguous. The statutory method of determining net taxable income is laid down and expressed in plain English, and in order to reach the conclusion reached in this case, something must be read into the statute that can not, legitimately, be imputed to the words used therein.

Section 213 of the Revenue Acts of 1918 and 1921 defines gross income and prescribes what it shall include and what it shall not include. Income that is exempt is expressly excluded.

Section 214 defines net income and prescribes that the amount of net income shall be obtained by deducting from gross income " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

Because in a particular case the application of the mandate of the statute appears to result in an inequitable or incongruous situation, is not sufficient grounds for a court or this Board to disregard the statutory provisions. This Government is a government by law, and all judicial tribunals should decide cases according to the prescribed law, and not attempt to deal out substantial justice as the particular judge or court may believe such justice to be. When the statute blazes the road, the courts must follow that road.

I believe it may be truthfully and conservatively stated that there are hundreds of banks and trust companies in the United States that handle, regularly, in their business, millions of dollars worth of Government bonds, the interest on which is exempt, and also other securities the income on which is exempt. The expense of handling such matters is uniformly, so far as I know, included in the general expense account of such institutions and deducted from gross income which does not include exempt income. I believe these taxpayers' return should be handled in the same manner.