T.C. Memo. 1999-237


UNITED STATES TAX COURT


MICHAEL H. JOHNSON AND PATRICIA E. JOHNSON, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 23702-96.                Filed July 22, 1999.


Terry B. Bates, Brian J. Seery, and Robert A. Olson, for

petitioners.

Steven M. Roth, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on

petitioners' motion for reconsideration of findings and opinion

—————————————

[*]  On Dec. 23, 1998, and Apr. 16, 1999, the Court issued its
opinions (T.C. Memo. 1998-448 and T.C. Memo. 1999-127), which we
incorporate herein.

under Rule 161 (motion for reconsideration) and petitioners' motion to vacate decision under Rule 162 and vacate order dated April 16, 1999 (motion to vacate).[1]

On January 22, 1999, petitioners filed a motion for award of litigation and administrative costs and attorney's fees associated with Johnson v. Commissioner, T.C. Memo. 1998-448. Attached to this motion was a net worth schedule. On February 16, 1999, respondent filed an objection to petitioners' motion for award of litigation and administrative costs and attorney's fees. On March 3, 1999, petitioners filed a motion for leave to file a reply to objection to motion for award of reasonable litigation costs (motion to file reply #1). On March 23, 1999, respondent filed a notice of no objection. On March 25, 1999, the Court granted petitioners' motion to file reply #1 and filed petitioners' reply to objection to motion for award of reasonable litigation costs (reply #1). Attached to reply #1 was a second net worth schedule. On April 12, 1999, petitioners filed a statement of errata. Attached to the statement of errata was a third net worth schedule.

On April 16, 1999, the Court issued an opinion, Johnson v. Commissioner, T.C. Memo. 1999-127 (Johnson II), in which we held

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

that petitioners were not entitled to an award of administrative and litigation costs and attorney's fees.  We so held because petitioners failed to prove that they met the net worth requirements of section 7430 and therefore failed to establish that they were the "prevailing party".  See Johnson v. Commissioner, T.C. Memo. 1999-127.

On May 14, 1999, petitioners filed their motion for reconsideration and motion to vacate.  On June 2, 1999, respondent filed an objection to petitioners' motion for reconsideration and an objection to petitioners' motion to vacate (respondent's objections).  On June 7, 1999, petitioners filed a motion for permission to file a reply to respondent's objection to the motion for reconsideration (motion to file reply #2) and a motion for permission to file a reply to respondent's objection to the motion to vacate (motion to file reply #3).  On June 21, 1999, the Court granted petitioners' motion to file reply #2 and motion to file reply #3 and filed petitioners' replies to respondent's objections.

In petitioners' motion for reconsideration, motion to vacate,[2] and replies to respondent's objections, petitioners argue that in Johnson II the Court misread the case law and that

---

[2]  Petitioners' motion for reconsideration and motion to vacate are virtually identical.  The only difference is that one asks for reconsideration and the other asks for the decision to be vacated.

a taxpayer is not required to offer any evidence of net worth when the Commissioner objects to the taxpayer's affidavit and net worth schedule. Petitioners also suggest that an evidentiary hearing is required.

Reconsideration under Rule 161 permits us to correct manifest errors of fact or law, or to allow newly discovered evidence to be introduced that could not have been introduced before the filing of an opinion, even if the moving party had exercised due diligence. See Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251, amended per order 835 F.2d 710 (7th Cir. 1987); see also Traum v. Commissioner, 237 F.2d 277, 281 (7th Cir. 1956), affg. T.C. Memo. 1955-127. The granting of a motion for reconsideration rests within the discretion of the Court, and we shall not grant a motion for reconsideration unless the party seeking reconsideration shows unusual circumstances or substantial error. See Alexander v. Commissioner, 95 T.C. 467, 469 (1990), affd. sub nom. without published opinion Stell v. Commissioner, 999 F.2d 544 (9th Cir. 1993); Estate of Halas v. Commissioner, 94 T.C. 570, 573 (1990); Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); Estate of Bailly v. Commissioner, 81 T.C. 949, 951 (1983); Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n.1 (1st Cir. 1975). Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new

legal theories to reach the end result desired by the moving party. See Estate of Quick v. Commissioner, 110 T.C. 440, 441-442, supplementing 110 T.C. 172 (1998); Stoody v. Commissioner, 67 T.C. 643, 644 (1977), supplementing 66 T.C. 710 (1976).

In their motion for reconsideration and motion to vacate, petitioners merely rehash arguments considered and rejected by the Court in Johnson II. When the Court granted petitioners' motion to file reply #1, instead of presenting evidence regarding their net worth, see Estate of Hubberd v. Commissioner, 99 T.C. 335, 341 (1992); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 719 (1990); see also McCoy v. Commissioner, T.C. Memo. 1992-423, petitioners simply provided additional net worth statements that drastically changed the amount claimed to be petitioners' net worth,[3] which gave the Court reason to question each statement's veracity. From a review of the record, the Court is still of the opinion that no evidentiary hearing is necessary pursuant to Rule 232 and that petitioners have failed to establish that they met the net worth requirements of section 7430. See Rule 232(a)(2) ("A motion for reasonable litigation or administrative costs ordinarily will be disposed of without a hearing"; emphasis added).

---

[3] The first net worth schedule claimed petitioners' joint net worth was $3,806,248; the second net worth schedule claimed petitioners' joint net worth was ($3,891,976); and the third net worth schedule claimed petitioners' joint net worth was $1,097,312.

Furthermore, for the sake of completeness, we note that even if we granted an evidentiary hearing and found that petitioners established that they met the net worth requirements, petitioners still would not be entitled to an award of administrative and litigation costs and attorney's fees.  This is so because petitioners are not the "prevailing party" for an additional reason:  Respondent established that the position of the United States was substantially justified at both the administrative and litigation level.  See sec. 7430(c)(4)(B)(i).

The substantially justified standard is "essentially a continuation of the prior law's reasonableness standard."  See Swanson v. Commissioner, 106 T.C. 76, 86 (1996).  A position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law.  See Pierce v. Underwood, 487 U.S. 552, 565 (1988);[4] Huffman v. Commissioner, 978 F.2d 1139, 1147 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144; Swanson v. Commissioner, supra at 86.  A position that merely has enough merit to avoid sanctions for frivolousness will not satisfy this standard.  See Pierce v. Underwood, supra at 566.

---

[4]  Although the dispute in Pierce v. Underwood, 487 U.S. 552 (1988), arose under the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d) (1994), the relevant provisions of the EAJA are almost identical to the language of sec. 7430.  See Cozean v. Commissioner, 109 T.C. 227, 232 n.9 (1997).  We, therefore, consider the holding in Pierce v. Underwood, supra, to be applicable to the case before us.  See Cozean v. Commissioner, supra.

The determination of reasonableness is based on all of the facts and circumstances surrounding the proceeding and the legal precedents relating to the case. See Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 694-695 (1990). A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Pierce v. Underwood, supra at 565. A position is substantially justified in law if legal precedent substantially supports the Commissioner's position given the facts available to the Commissioner. See Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688. Determining the reasonableness of the Commissioner's position and conduct requires considering what the Commissioner knew at the time. See Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The fact that the Commissioner loses on the merits or concedes the case does not establish that a position was not substantially justified; however, it is a factor to be considered. See Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995).

Respondent interviewed many people in order to determine what had actually transpired between petitioner Michael H. Johnson (Mr. Johnson) and officials from the City of Lancaster

regarding the City of Lancaster's condemnation of the property upon which Mr. Johnson's auto dealerships were located (the 23d Street property). At the initial interview of Mr. Johnson by two revenue agents, Mr. Johnson told the revenue agents that the City of Lancaster had condemned the 23d Street property and that a school had been built on the property. No school was built on the property. The Commissioner became aware of this fact sometime after the interview of Mr. Johnson. This misstatement by Mr. Johnson reasonably raised respondent's suspicion as to whether the City of Lancaster properly had condemned the 23d Street property.

At the initial interview of two Lancaster Redevelopment Agency (LRA) officials, Steven Dukett (Mr. Dukett) and Mark Asturias (Mr. Asturias), by respondent, Mr. Dukett and Mr. Asturias told the revenue agents that the LRA did not threaten Mr. Johnson with condemnation of the 23d Street property. Sometime after these initial interviews, in sworn statements, Mr. Dukett and Mr. Asturias changed their story and stated that they had threatened Mr. Johnson with condemnation of the 23d Street property. Respondent was left with the conflicting statements of Mr. Dukett and Mr. Asturias regarding whether Mr. Johnson had in fact been threatened with condemnation of the 23d Street property.

Respondent also interviewed members of the City Counsel of Lancaster (LCC) from the relevant time period.  Henry Hearns (Mr. Hearns), a member of the LCC, stated that the LCC had never discussed condemning the 23d Street property and that the condemnation was made as a mere accommodation to Mr. Johnson. Mr. Hearns also provided an affidavit to this effect.  Other members of the LCC told respondent that the City of Lancaster had threatened Mr. Johnson with condemnation.  At this point, respondent was left with more conflicting accounts regarding whether Mr. Johnson had been threatened with condemnation of the 23d Street property.

At trial, the Court had to determine the credibility of the witnesses and reconcile the conflicting documentary and testimonial evidence.  Under the facts of this case, the United States was substantially justified at both the administrative and litigation level in positing that neither the LRA nor the LCC had threatened Mr. Johnson with condemnation of the 23d Street property or, if there had been a threat, that Mr. Johnson did not reasonably believe the threat (because the LCC was providing the condemnation as a convenience to Mr. Johnson).

Accordingly, we shall deny petitioners' motion for reconsideration and deny petitioners' motion to vacate.  To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.