**DURHAM FARMS, # 1, J.V., et al., Gary L. Blackburn, Tax Matters Partner, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 01–71199.

Tax Ct. Nos. 2465–94; 2468–94; 5104–94; 5105–94; 5106–94; 9721–94; 9752–94; 9768–94; 9814–94; 18707–94; 18710–94; 20957–94; 22821–94; 23429–94; 23777–94; 8175–95; 10053–95; 11217–95; 12500–95; 13236–95; 14712–95; 20843–95; 20868–95; 21629–95; 24241–95; 24643–95.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2003.

Decided March 20, 2003.

Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM *

Durham Farms, # 1, and a number of other partnerships formed by Walter J. Hoyt, III (hereafter collectively Durham Farms), appeal, in part, the tax court's judgment against them as well as its refusal to reopen. We affirm.

■ (1) Principally, Durham Farms complains about the tax court's denial of a motion to reopen the case for the purpose of receiving additional evidence and considering further issues after it had issued its judgment. *See* Tax Ct. R. 161. The tax court construes that rule to permit reopening only when there is a showing of "unusual circumstances or substantial error." *Johnson v. Commissioner*, 78 T.C.M. (CCH) 121, 122 (1999). Even then, the taxpayer must show that the tax court made "manifest errors of fact or law," or if the taxpayer bases its motion on newly discovered evidence, it must show that the evidence "could not have been introduced before the filing of an opinion." *Id.; see also Benn v. Commissioner*, 394 F.2d 505, 506 (5th Cir.1968). Here it is pellucid that Durham Farms could have moved for reopening for the taking of further evidence or for the consideration of further issues during the lengthy period between the end of the trial, November 21, 1996, and the issuance of the tax court's opinion, May 18, 2000. It is not at all surprising that the tax court looked upon the failure to do so with a jaded eye. In similar situations, we have done the same. *See Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n. 6 (9th Cir.1999) (new issues); *Pac. Contact Labs. v. Solex Labs., Inc.*, 209 F.2d 529, 533–34 (9th Cir.1953) (new evidence). So have other circuits. *See Nat'l Org. for Women, Inc. v. Scheidler*, 267 F.3d 687, 710 (7th Cir.2001) (new evidence), *rev'd on other grounds*, 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (new issues and new evidence); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (new evidence). We cannot say that the tax court abused its discretion when it declined to hold an evidentiary hearing and denied Durham Farms' motion.[1] *See Nor–Cal Adjusters v. Commissioner*, 503 F.2d 359, 363 (9th Cir.1974).

---

1. We, of course, do not opine on what the tax court might do about evidence that came to light at a later time.

(2) Durham Farms' other attack is based on its claim that the tax court should not have decided that the various partnerships did not demonstrate that they owned any cattle whatsoever, and, therefore, had none to depreciate or to claim other deductions for. Durham Farms suggests that the issue was not properly before the court. We disagree. Durham Farms had the burden of showing that certain cattle were owned by the partnerships; surely it could not depreciate non-existing beasts, or beasts which it did not own. *See Nor-Cal Adjusters,* 503 F.2d at 361 (burden on taxpayer); *Hodgkins v. Commissioner,* 71 T.C.M. (CCH) 2017, 2019 (1996) (must be a true owner); *see also Grodt & McKay Realty, Inc. v. Commissioner,* 77 T.C. 1221, 1237–38, 1981 WL 11305 (1981). That issue had to be part of the case, was necessary to a proper decision, and was the subject of a plethora of evidence, even if the issue was not stressed by the parties. The tax court did not err. *See Barnette v. Commissioner,* 64 T.C.M. (CCH) 998, 1001–02 (1992).

In fine, while the underlying transactions might well be redolent of the complexity found in other good fiction, the issues before us are simple and were not decided incorrectly.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.