T.C. Memo. 2007-110

UNITED STATES TAX COURT

DANIEL AND KRISTEN PANICE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14819-04.          Filed April 30, 2007.

Wendy S. Pearson, Terri A. Merriam, Jennifer A. Gellner, Jaret R. Coles, and Asher B. Bearman, for petitioners.[1]

Nhi T. Luu and Catherine Caballero, for respondent.

---

[1] Wendy S. Pearson (Pearson), Terri A. Merriam (Merriam), Jennifer A. Gellner (Gellner), and Jaret R. Coles entered their appearances in this case by subscribing the petition commencing this proceeding. See Rule 24(a). (Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the applicable versions of the Internal Revenue Code.) Asher B. Bearman entered his appearance on July 18, 2005, and withdrew on Nov. 15, 2006. Pearson and Gellner withdrew from the case on Oct. 24, 2006, and Nov. 14, 2006, respectively.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge: This is an affected items proceeding arising from a disallowed partnership loss claimed for 1992 by Timeshare Breeding Service 1990-1, J.V. (TBS 90-1), a cattle partnership organized, promoted, and operated by Walter J. Hoyt III (Hoyt).[2] Petitioners participated in TBS 90-1, and they reported their distributive share of its reported ordinary loss on their 1992 Federal income tax return. With respect to their reporting of the disallowed loss, respondent determined that petitioners are liable for 1992 for a $205.80 accuracy-related penalty under section 6662(a) and a $10,926.80 accuracy-related penalty under section 6662(h). Following petitioners' concession that they are liable for the accuracy-related penalty determined by respondent under section 6662(a), we decide whether they are liable for the accuracy-related penalty determined by respondent under section 6662(h). We hold they are.

FINDINGS OF FACT

The parties filed with the Court stipulations of fact and accompanying exhibits. The stipulated facts are found accordingly. Petitioners are husband and wife, and they resided in Tinley Park, Illinois, when their petition was filed.

_____

[2] The Commissioner's disallowance of this loss was upheld in Durham Farms #1, J.V. v. Commissioner, T.C. Memo. 2000-159, affd. 59 Fed. Appx. 952 (9th Cir. 2003).

Petitioners began investing in TBS 90-1 in 1991. That partnership was subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648. Petitioners filed their 1992 Federal income tax return on April 15, 1993, and claimed thereon a deduction for a $112,996 ordinary loss passing to them from TBS 90-1.

In Durham Farms #1, J.V. v. Commissioner, T.C. Memo. 2000-159, affd. 59 Fed. Appx. 952 (9th Cir. 2003), the Court held that TBS 90-1 was not entitled to deduct the loss claimed by petitioners because TBS 90-1 did not receive the benefits and burdens of ownership of the underlying asset (i.e., cattle). The decision in Durham Farms ordered and decided the following as to TBS 90-1:

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Depreciation expense | $2,174,204 | -0- |
| Interest expense | 137,750 | -0- |
| Accounting fees | 3,086 | -0- |
| Net Gain--Form 4797 | 5,435,510 | -0- |
| Net self-employment income | (2,315,040) | -0- |
| Other farm deductions | -0- | -0- |
| Guaranteed payments | -0- | -0- |

The $2,315,040 of deductions underlying the adjustment to net self-employment income consisted of depreciation expense equal to 93.916476605 percent of the total disallowed deductions, interest expense equal to 5.950221162 percent of the total disallowed

deductions, and accounting expense equal to .13330232 percent of the total disallowed deductions.

Respondent determined that the decision in Durham Farms #1, J.V. v. Commissioner, supra, increased petitioners' 1992 ordinary income by $113,879; i.e., the sum of a $112,996 increase to reflect the adjustment to the ordinary income of TBS 90-1, plus an $883 increase to reflect an adjustment to petitioners' reported itemized deductions. On May 13, 2002, respondent reflected the $113,879 increase by assessing against petitioners a $28,346 deficiency for 1992, as a computational adjustment under section 6231(a)(6). On May 19, 2004, respondent issued to petitioners the relevant affected items notice of deficiency. Respondent determined in the notice of deficiency that 93.916476605 percent of the $112,996 increase ($106,122) is attributable to disallowed depreciation deduction claimed by TBS 90-1; that the tax upon the $106,122 ($27,317) is subject to the 40-percent penalty attributable to gross valuation misstatement under section 6662(h); and that the remainder of the deficiency ($1,029; i.e., $28,346 – $27,317) is subject to the 20-percent accuracy-related penalty attributable to negligence or disregard of the rules or regulations.

On April 17, 2006, the Court called this case for trial. Petitioners were not present, and they did not present any

evidence with the exception of stipulations of fact and accompanying exhibits submitted therewith.

OPINION

## 1. Burden of Production

Petitioners argue that section 7491(c) applies to place upon respondent a burden of production as to the accuracy-related penalty under section 6662(h).[3]  Section 7491(c) was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. 105-206, sec. 3001(a), 112 Stat. 726, effective for "court proceedings arising in connection with examinations commencing after" July 22, 1998.  RRA sec. 3001(c)(1), 112 Stat. 727.  While the parties agree that the Commissioner started examining TBS 90-1 before the effective date of section 7491(c), the parties dispute whether the Commissioner's examination of TBS 90-1 is the relevant

---

[3] Sec. 7491(c) provides:

> SEC. 7491(c).  Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

In order to satisfy that burden of production, the record must establish that it is appropriate to impose the relevant penalty, addition to tax, or additional amount.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The burden of production and proof remain on the taxpayer to establish that the penalty, addition to tax, or additional amount does not apply because of reasonable cause, substantial authority, or the like.  Id.; see also H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

examination for purposes of establishing the date on which the Commissioner started his examination as to the affected items at issue. According to respondent, the affected items were determined "in connection with" the examination of TBS 90-1 and, hence, the date on which that examination began is the date that is used to test whether section 7491(c) applies to this case. According to petitioner, the Commissioner's determination of the affected items resulted from a separate, nonpartnership-level examination of petitioners personally and, hence, the starting date of the later examination is the date to be used to determine the applicability of section 7491(c).

Notwithstanding which party bears the burden of production in this case, our review of the record leads us to the same conclusion; i.e., that petitioners are liable for the section 6662(h) accuracy-related penalty for 1992 as determined by respondent. Accordingly, we need not and do not discuss any further the parties' dispute as to which of them bears the burden of production in this case. See McDonough v. Commissioner, T.C. Memo. 2007-101.

2. Overview of Sections 6662(h) and 6664

Section 6662(h) provides that a taxpayer may be liable for a 40-percent penalty on any portion of an underpayment of tax attributable to gross valuation misstatements. No penalty is imposed under that section, however, unless the portion exceeds

$5,000. Sec. 6662(e)(2). A gross valuation misstatement means any substantial valuation misstatement, as determined under section 6662(e), by substituting "400 percent" for "200 percent". Sec. 6662(h)(2)(A). Pursuant to section 6662(e)(1)(A), as read without the referenced substitution of text, a substantial valuation misstatement occurs if "the value of any property (or the adjusted basis of any property) claimed on any return * * * is 200 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis". After the referenced substitution of text, a gross valuation misstatement occurs when the value or basis claimed on a return is 400 percent or more of the correct value or basis.

No penalty is imposed under section 6662(h), however, to the extent that the taxpayer had reasonable cause for the underpayment of tax and acted in good faith with respect to the underpayment. Sec. 6664(c)(1); see also Hansen v. Commissioner, 471 F.3d 1021, 1029 (9th Cir. 2006), affg. T.C. Memo. 2004-269. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.; see also Hansen v. Commissioner, supra at 1028-1029. The extent of the taxpayer's efforts to ascertain his proper tax liability is generally the

most important factor. Sec. 1.6664-4(b)(1), Income Tax Regs.;
see also Hansen v. Commissioner, supra at 1028-1029.

Reasonable cause and good faith under section 6664(c) may be
established where there is an honest misunderstanding of fact or
law that is reasonable in light of all facts and circumstances,
including the experience, knowledge, and education of the
taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs. Reasonable
cause and good faith are not necessarily established by reliance
on facts that, unknown to the taxpayer, are incorrect. Id.

3. Applicability of Sections 6662(h) and 6664

In Durham Farms #1, J.V. v. Commissioner, T.C. Memo.
2000-159, the Court held that TBS 90-1 did not receive the
benefits and burdens of ownership of the cattle in dispute there
and was not entitled to partnership deductions and losses claimed
with respect thereto. The Court's decision stated that the
partnership's "Depreciation Expense", which was reported as
$2,174,204, was zero. The disallowance of that item resulted in
a computational adjustment (and tax understatement) for 1992, and
a corresponding assessment against petitioners, of $28,346.
Because petitioners' adjusted basis for the depreciation expense
deduction also was zero, the underpayment for 1992 resulting from
the disallowance of petitioners' share of the partnership loss
from TBS 90-1, most of which was attributable to a disallowed
depreciation expense, is attributable to an overstatement of

bases of more than 400 percent of the amount determined to be the correct adjusted bases.  Keller v. Commissioner, T.C. Memo. 2006-131; Jaroff v. Commissioner, T.C. Memo. 2004-276; see Zirker v. Commissioner, 87 T.C. 970 (1986); see also McDonough v. Commissioner, supra.  In that petitioners' resulting underpayment of tax for 1992 exceeded $5,000, we conclude that their underpayment of 1992 tax resulting from the disallowance of their reported cost bases and depreciation deduction was attributable to a gross valuation misstatement of over $5,000.  Massengill v. Commissioner, 876 F.2d 616 (8th Cir. 1989), affg. T.C. Memo. 1988-427; Zirker v. Commissioner, supra; Jaroff v. Commissioner, supra; see also McDonough v. Commissioner, supra.  We thus also conclude that petitioners are liable for the 40-percent accuracy-related penalty under section 6662(h) for 1992, unless they meet the section 6664(c) exception for reasonable cause and good faith.

Petitioners' posttrial briefs argue that (among other cases) Gainer v. Commissioner, 893 F.2d 225 (9th Cir. 1990), affg. T.C. Memo. 1988-416, and Todd v. Commissioner, 862 F.2d 540 (5th Cir. 1988), affg. 89 T.C. 912 (1987), establish that the accuracy-related penalty under section 6662(h) cannot apply if an asset such as the cattle at issue fail to exist.  We disagree with petitioner's argument.  The deductions in the two cited cases relied upon by petitioners were disallowed because the relevant

assets existed but were not placed in service during the years that were the subject of those cases; the disallowance did not result from an asset's valuation or basis. Here, valuation or basis was a deciding factor in determining whether TBS 90-1 was entitled to depreciation expense and other deductions claimed with respect to the cattle. Moreover, as we stated in <u>Keller v. Commissioner</u>, <u>supra</u>, in rejecting an argument similar to that of petitioners:

> If we accept petitioner's assertion that he never received the benefits and burdens of ownership of the cattle, or that the cattle never existed, then his bases in the cattle would be zero. See <u>Zirker v. Commissioner</u>, 87 T.C. 970, 978-979 (1986) (finding that no actual sale of cattle took place and the correct adjusted basis of cattle was zero); <u>Massengill v. Commissioner</u>, T.C. Memo. 1988-427 (same as <u>Zirker</u>), affd. 876 F.2d 616 (8th Cir. 1989). This conclusion is supported by petitioner's concession that he was not entitled to cost basis or depreciation deductions. If petitioner's correct bases are zero, then the bases claimed on his returns are considered to be 400 percent or more of the correct amount, and are thus gross valuation misstatements. See sec. 1.6662-5(g), Income Tax Regs.; see also <u>Zirker v. Commissioner</u>, <u>supra</u> at 978-979.[4]

## 4. Claimed Defense to the Accuracy-Related Penalty

We understand petitioners to argue that their underpayment of tax for 1992 resulted from an honest mistake of fact. In support thereof, petitioners discuss the case of <u>Bales v.</u>

---

[4] Petitioners argue that the Court may sustain respondent's determination only if respondent establishes that some cattle existed and the value of that cattle. We disagree for the reasons stated in this quotation and elsewhere in this paragraph.

- 11 -

<u>Commissioner</u>, T.C. Memo. 1989-568.  We disagree with petitioners that they had any such misunderstanding of fact sufficient to be a defense to the accuracy-related penalty under section 6662(h). In addition to the fact that the record is devoid of any evidence establishing that petitioners relied on <u>Bales</u> in investing in TBS 90-1 and claiming the purported loss for 1992 flowing therefrom, the case of <u>Bales</u> involved different participants, different partnerships, and different years.  See <u>Hansen v. Commissioner</u>, 471 F.3d at 1032-1033; <u>Mortensen v. Commissioner</u>, 440 F.3d 375, 391-392 (6th Cir. 2006), affg. T.C. Memo. 2004-279; <u>Sanders v. Commissioner</u>, T.C. Memo. 2005-163.

5.  <u>Conclusion</u>

We conclude that petitioners are liable for the section 6662(h) accuracy-related penalty for 1992, as determined by respondent.  See <u>McDonough v. Commissioner</u>, T.C. Memo. 2007-101. We have considered all arguments made by petitioners for a contrary holding, and we conclude that any argument not discussed herein is either irrelevant or without merit.

<u>An appropriate order and decision will be entered</u>.