T.C. Memo. 2009-265

UNITED STATES TAX COURT

GILBERT HAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26413-07.              Filed November 23, 2009.

<u>Terri A. Merriam</u>, <u>Jaret R. Coles</u>, and <u>Adam J. Blake</u>, for
petitioner.

<u>Nhi T. Luu</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This partner-level matter is before the
Court on respondent's motion to dismiss for lack of jurisdiction
and to strike partnership items and theft loss claim from taxable

year 1998.[1]  It involves this Court's jurisdiction under the partnership provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648.

Petitioner was a partner in various TEFRA partnerships during the years at issue.  Respondent issued petitioner affected items deficiency notices (deficiency notices) for 1994 and 1995 after the related partnership-level proceedings had concluded. The deficiencies are attributable to section 6662(a) accuracy-related penalties based on petitioner's underpayments of income tax for 1994 and 1995.[2]  After concessions,[3] we are asked to decide whether we have jurisdiction to determine the mathematical accuracy of respondent's computational adjustments and petitioner's entitlement to a 1998 theft loss offset.  We hold that this Court lacks jurisdiction to redetermine respondent's computational adjustments and the theft loss offset because this is an affected items deficiency proceeding.  Accordingly, we will

---

[1]Docket No. 26413-07 (1994 and 1995 taxable years) and Docket No. 17595-08 (1993 taxable year) are consolidated cases. Respondent's motion to dismiss applies only to Docket No. 26413-07 because petitioner has not challenged respondent's computational adjustments for 1993.

[2]All section references are to the Internal Revenue Code in effect for the years at issue.

[3]Petitioner concedes that he is liable for the accuracy-related penalties for 1994 and 1995 but contests the computation of the amount of the underpayment upon which the penalties are based.

grant respondent's motion to dismiss for lack of jurisdiction and to strike the partnership items and 1998 theft loss claim.

## Background

The following information is stated for purposes of resolving the pending motion. Petitioner resided in Tennessee at the time he filed the petition.

### Computational Adjustments for 1994 and 1995

Petitioner was a partner in Washoe Ranches #7, a cattle partnership organized and promoted by Jay Hoyt (Hoyt) during the years at issue. Hoyt organized over 100 "investor" partnerships like Washoe for owning and breeding cattle. The investor partnerships were partners in upper-tier Hoyt-managed partnerships.[4]

Respondent issued notices of final partnership administrative adjustment (FPAAs) to Washoe for 1994 and 1995. Respondent determined that the Washoe partnership "lacked economic substance" and therefore disallowed all of Washoe's income and expense items for those years. Washoe's tax matters partner filed petitions with this Court seeking redetermination

---

[4]This Court determined in 2000 that Hoyt cattle operations constituted a tax shelter. Durham Farms #1, J.V. v. Commissioner, T.C. Memo. 2000-159, affd. 59 Fed. Appx. 952 (9th Cir. 2003). Respondent subsequently removed all Hoyt income and deductions from the investor partnership returns, and then he made computational adjustments to the individual partners' returns following the respective partnership proceedings.

of the adjustments in the 1994 and 1995 FPAAs.[5]  These Washoe partnership proceedings for 1994 and 1995 settled in 2006.

Respondent made computational adjustments to petitioner's tax liabilities for 1994 and 1995 once the Washoe partnership proceedings had concluded.  Respondent disallowed portions of petitioner's distributive shares of losses from Washoe that resulted in underpayments of petitioner's income taxes for those years.  Respondent also determined petitioner was liable for section 6662(a) accuracy-related penalties of $1,675 for 1994 and $3,796 for 1995.  Respondent issued petitioner the affected items deficiency notices for 1994 and 1995, which are at issue in this proceeding.

Petitioner timely filed a petition seeking a redetermination of the section 6662(a) accuracy-related penalties for 1994 and 1995.

1998 Theft Loss Carryback

Petitioner also filed amended returns for 1995 and 1998 before the Washoe partnership proceedings had concluded.  Petitioner claimed a $66,685 personal theft loss from the Hoyt investment on the amended return for 1998.  Petitioner sought to

---

[5]The partnership-level proceedings were Washoe Ranches No. 7, J.V. v. Commissioner, Docket No. 15257-98 (taxable year 1994), and Washoe Ranches No. 7, J.V. v. Commissioner, Docket No. 14153-99 (taxable year 1995).

have the alleged overpayment of income tax for 1998 applied to reduce the deficiency on the amended return for 1995.

Respondent informed petitioner seven years ago that respondent would refrain from processing petitioner's amended returns until the Washoe partnership proceedings were completed. As previously noted, the Washoe partnership proceedings concluded in 2006. Despite the three year period since the partnership proceedings' conclusion, respondent has not processed the amended returns for 1995 and 1998, nor has respondent issued petitioner a deficiency notice for 1998. Petitioner filed a claim of erroneous computation with respondent to obtain a refund for 1995 and also raises the theft loss issue in this proceeding to compel a response from respondent.

## Discussion

We begin our analysis with a discussion of our jurisdiction over a TEFRA partner-level proceeding.[6] This Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent provided by statute. Sec. 7442; GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). Our jurisdiction to redetermine a deficiency in tax depends on a valid deficiency

---

[6]Congress enacted the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) to provide consistent treatment among partners in the same partnership and to ease the administrative burden that resulted from duplicative audits and litigation. See Petaluma FX Partners, LLC v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 10).

notice and a timely filed petition. GAF Corp. & Subs. v. Commissioner, supra at 521. A taxpayer may generally file a petition for redetermination of a deficiency with this Court after receiving a deficiency notice. Sec. 6213. Our jurisdiction to redetermine the deficiency for a given year is limited, however, by the deficiency notice issued by the Commissioner. Sec. 6214. Furthermore, normal deficiency procedures apply only to affected items requiring partner-level factual determinations and do not apply to computational adjustments. See sec. 6230(a)(2)(A).[7]

We now address each of petitioner's arguments.

## I. Computational Adjustments for 1994 and 1995

We must first decide whether we have jurisdiction to redetermine the mathematical accuracy of respondent's computational adjustments following the Hoyt and Washoe partnership proceedings. Petitioner asks us to redetermine the computational adjustments for 1994 and 1995 by reconsidering partnership items that were finally determined in the related partnership-level proceedings. Specifically, petitioner asks us to remove the Hoyt-related income and corresponding self-employment tax that flowed to petitioner from the Washoe

---

[7]The Taxpayer Relief Act of 1997 amended sec. 6230(a)(2)(A) to exclude "additions to tax * * * that relate to adjustments to partnership items" from deficiency proceedings, effective for partnership years ending after Aug. 5, 1997. Taxpayer Relief Act of 1997, sec. 1238, Pub. L. 105-34, 111 Stat. 788 (1997).

partnership proceeding. Petitioner also asks us to correct an "overadjustment" from an upper-tier Hoyt partnership proceeding. Respondent contends that we lack jurisdiction to redetermine computational adjustments based on partnership items in an affected items proceeding. We agree with respondent.

We have consistently held that we lack jurisdiction under the TEFRA rules to redetermine an underpayment attributable to partnership items in an affected items proceeding. Crowell v. Commissioner, 102 T.C. 683, 689 (1994); Saso v. Commissioner, 93 T.C. 730, 734 (1989); Maxwell v. Commissioner, 87 T.C. 783, 788-789 (1986). The items petitioner asks us to reconsider are all partnership items that should have been addressed in the Hoyt and Washoe partnership proceedings. See sec. 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs. Final decisions for 1994 and 1995 have already been entered at the Hoyt and Washoe partnership levels. Accordingly, we lack jurisdiction to reconsider these items in the present partner-level proceeding.

Petitioner also maintains that we have jurisdiction to redetermine the accuracy-related penalties because they are affected items, rather than partnership items, and this is an affected items deficiency proceeding. We agree with petitioner that the accuracy-related penalties are affected items because they are based on tax petitioner owes as a result of adjustments to partnership items on Washoe's partnership returns. See Olson

v. Commissioner, T.C. Memo. 1996-384; sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

We lack jurisdiction, however, in an affected items deficiency proceeding as here to redetermine petitioner's liability for affected items that do not require partner-level factual determinations. See sec. 6230(a); Brookes v. Commissioner, 108 T.C. 1, 5 (1997); Crowell v. Commissioner, supra; N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744-745 (1987). We have repeatedly held that we lack jurisdiction in an affected items deficiency proceeding to redetermine computational adjustments. Brookes v. Commissioner, supra at 5; Bradley v. Commissioner, 100 T.C. 367, 371 (1993); Saso v. Commissioner, supra at 734; Kohn v. Commissioner, T.C. Memo. 1999-150; Olson v. Commissioner, supra. Moreover, petitioner concedes that he is liable for the penalties and has put only the amounts of the computational adjustments at issue. Accordingly, we find that we lack jurisdiction to redetermine respondent's computational adjustments for 1994 and 1995 in this partner-level proceeding.

II. 1998 Theft Loss Carryback to 1995

The next issue we must decide is whether we have jurisdiction to offset petitioner's 1995 deficiency with the theft loss petitioner claimed on the amended return for 1998.

Respondent argues that this Court lacks jurisdiction to determine the 1998 theft loss carryback to 1995 because we lack jurisdiction to redetermine the deficiency for 1995.  We agree.

Generally this Court has jurisdiction to consider the later years not before the Court that may be necessary to correctly redetermine the deficiency for the years currently before the Court.  Sec. 6214(b); Vincentini v. Commissioner, T.C. Memo. 2008-271.  We have already decided, however, that we lack jurisdiction to redetermine the deficiency for 1995 because this is an affected items proceeding and petitioner has placed only respondent's computational adjustments at issue.  Moreover, petitioner cannot confer jurisdiction where none exists.  See Evans Publg., Inc. v. Commissioner, 119 T.C. 242, 249 (2002).  Accordingly, we conclude that we lack jurisdiction to determine whether petitioner is entitled to a 1998 theft loss carryback to tax year 1995.[8]

To reflect the foregoing and the concessions of the parties,

An appropriate order will

be issued.

---

[8]We note that our holding does not bar petitioner from obtaining future relief on these issues.  Petitioner may challenge respondent's computational adjustments for 1994 and 1995 by paying the penalty and filing a claim for a refund.  See sec. 6230(c).  Furthermore, petitioner's claim to the 1998 theft loss is not barred by sec. 6512(a) because the year 1998 is not before this Court.