T.C. Memo. 2009-305

UNITED STATES TAX COURT

THOMAS AND DEBORAH MCINTYRE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 24581-07, 21997-08.    Filed December 23, 2009.

<u>Terri A. Merriam</u> and <u>Adam J. Blake</u>, for petitioners.

<u>Nhi T. Luu</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  These consolidated cases are before the
Court on respondent's motion to dismiss for lack of jurisdiction
and to strike partnership items and a theft loss claim from
taxable year 1998.  Both cases are partner-level proceedings
involving this Court's jurisdiction under the partnership

provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648.

Petitioners were partners in various Hoyt-related[1] TEFRA partnerships in 1995 and 1996 and received distributive shares of the partnerships' losses for those years. Petitioners' partnership losses for 1996 also generated a net operating loss (NOL) that petitioners carried back to 1994.[2] Respondent issued petitioners affected items deficiency notices (affected items notices) for 1994, 1995 and 1996 disallowing the losses after the related partnership-level proceedings had concluded.[3] The affected items are section 6662(a)[4] accuracy-related penalties

---

[1]The partnerships were organized, promoted, sold, and managed by Jay Hoyt. Hoyt organized over 100 similar "investor" partnerships for owning and breeding cattle. This Court determined in 2000 that Hoyt cattle operations constituted a tax shelter. Durham Farms #1, J.V. v. Commissioner, T.C. Memo. 2000-159, affd. 59 Fed. Appx. 952 (9th Cir. 2003). Respondent subsequently removed all Hoyt income and deductions from the investor partnership returns, and then he made computational adjustments to the individual partners' returns following the respective partnership proceedings.

[2]Petitioners' partnership losses for 1995 also generated a net operating loss that petitioners carried back to taxable years 1992 and 1993 that are not at issue.

[3]Docket No. 24581-07 relates to the affected items notices for 1994 and 1995 that respondent issued on July 26, 2007. Docket No. 21997-08 relates to the affected items notices for 1995 and 1996 that respondent issued on June 4, 2008.

[4]All section references are to the Internal Revenue Code in effect for the years at issue.

based on petitioners' underpayments of income tax for those years.

We are asked to decide whether we have jurisdiction to redetermine the accuracy of respondent's computational adjustments and petitioners' entitlement to a 1998 theft loss offset. We dealt with this same issue in Hay v. Commissioner, T.C. Memo. 2009-265. We hold that this Court lacks jurisdiction to redetermine respondent's computational adjustments and the theft loss offset because this is an affected items deficiency proceeding. Accordingly, we will grant respondent's motion to dismiss for lack of jurisdiction and to strike the partnership items and 1998 theft loss claim.

## Background

The following information is stated for purposes of resolving the pending motion. Petitioners resided in Colorado at the time they filed the petition.

### Computational Adjustments for 1994, 1995, and 1996

Petitioners were partners in Shorthorn Genetic Engineering 1990-1, Durham Genetic Engineering 1986-2, Durham Genetic Engineering 1986-3, and Durham Genetic Engineering 1986-4 (collectively, the partnerships) in 1995 and 1996. Decision documents for taxable years 1995 and 1996 were entered in the partnership proceedings beginning in April 2006.

Respondent made computational adjustments to petitioners' tax liabilities for 1995 and 1996 based on the decisions entered in the partnership proceedings.  Respondent disallowed portions of petitioners' distributive shares of losses from the partnerships for 1995 and 1996 resulting in underpayments for those years.  Respondent also disallowed the NOL carryback from 1996 to 1994 resulting in an underpayment for 1994.  Respondent did not remove certain section 1231 gain for 1995 that petitioners claim was related to the Hoyt investment and should have been removed.  Respondent determined petitioners were liable for section 6662(a) accuracy-related penalties for the underpayments for 1994, 1995, and 1996.  Respondent issued petitioners the affected items notices for those years, which are at issue in this proceeding.

1998 Theft Loss Carryback

Petitioners filed amended returns for 1995, 1996 and 1998. Petitioners claimed a $70,619 personal theft loss from the Hoyt investment on the amended return for 1998.  Petitioners sought to have the alleged overpayment of income tax for 1998 carried back to reduce the deficiency on the amended return for 1995 and then carried forward to reduce the deficiency for 1996.

Respondent informed petitioners six years ago that respondent would refrain from processing petitioners' amended returns until the partnership proceedings were completed.  As

previously noted, the partnership proceedings concluded in 2006.

Despite the three years since the partnership proceedings'

conclusion, respondent has not processed the amended returns for

1995, 1996 and 1998, nor has respondent issued petitioners a

deficiency notice for 1998. Petitioners filed a claim of

erroneous computation with respondent to obtain a refund and also

raise the theft loss issue in this proceeding to compel

respondent to process their returns. Rather than processing

their returns, respondent filed the pending motion to dismiss for

lack of jurisdiction and to strike the partnership items and the

theft loss claim from 1998.

## Discussion

We begin our analysis with a discussion of our jurisdiction

over a TEFRA partner-level proceeding.[5] This Court is a court of

limited jurisdiction, and we may exercise jurisdiction only to

the extent provided by statute. Sec. 7442; GAF Corp. & Subs. v.

Commissioner, 114 T.C. 519, 521 (2000). Our jurisdiction to

redetermine a deficiency in tax depends on a valid deficiency

notice and a timely filed petition. GAF Corp. & Subs. v.

Commissioner, supra at 521. A taxpayer may generally file a

---

[5]Congress enacted the unified audit and litigation
procedures of the Tax Equity and Fiscal Responsibility Act of
1982 (TEFRA) to provide consistent treatment among partners in
the same partnership and to ease the administrative burden that
resulted from duplicative audits and litigation. See Petaluma FX
Partners, LLC v. Commissioner, 131 T.C. 84, 90 (2008).

petition for redetermination of a deficiency with this Court after receiving a deficiency notice. Sec. 6213. Our jurisdiction to redetermine the deficiency for a given year is limited, however, by the deficiency notice issued by the Commissioner. Sec. 6214. Furthermore, normal deficiency procedures apply only to affected items requiring partner-level factual determinations and do not apply to computational adjustments. See sec. 6230(a)(2)(A).[6]

I. Computational Adjustments for 1994, 1995, and 1996

We must first decide whether we have jurisdiction to redetermine respondent's computational adjustments following the partnership proceedings. Petitioners ask us to redetermine the computational adjustments by reconsidering partnership items that were finally determined in the related partnership-level proceedings. Specifically, petitioners ask us to remove Hoyt-related section 1231 gain from the computation for 1995. Petitioners also ask us to determine that they were not partners in a Hoyt partnership in 1996 and that respondent therefore improperly disallowed the losses for that year and the NOL carryback to 1994. Respondent contends that we lack jurisdiction

---

[6]The Taxpayer Relief Act of 1997 amended sec. 6230(a)(2)(A) to exclude "penalties, [and] additions to tax * * * that relate to adjustments to partnership items" from deficiency proceedings, effective for partnership years ending after Aug. 5, 1997. Taxpayer Relief Act of 1997, sec. 1238, Pub. L. 105-34, 111 Stat. 788 (1997).

to redetermine computational adjustments based on partnership items in an affected items proceeding.  We agree with respondent.

We have consistently held that we lack jurisdiction under the TEFRA rules to redetermine an underpayment attributable to partnership items in an affected items deficiency proceeding. Crowell v. Commissioner, 102 T.C. 683, 689 (1994); Saso v. Commissioner, 93 T.C. 730, 734 (1989); Maxwell v. Commissioner, 87 T.C. 783, 788-789 (1986).  The section 1231 gain petitioners ask us to reconsider is a partnership item that should have been addressed in the partnership proceedings.  See sec. 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs.  Final decisions for 1995 and 1996 have already been entered at the partnership level.  We hold, therefore, that we lack jurisdiction to redetermine respondent's computational adjustments for 1995 in this proceeding.

Petitioners make a second argument regarding the computational adjustments for 1996.  Petitioners argue that respondent improperly disallowed the losses claimed on the return for 1996 and carried back to 1994 as Hoyt related because petitioners were not involved in any Hoyt partnerships in 1996. We lack jurisdiction to determine in this proceeding whether petitioners were partners in a Hoyt partnership in 1996.  Partner status is a partnership item where it is necessary to know who the partners are when determining each partner's distributive

share.  <u>Blonien v. Commissioner</u>, 118 T.C. 541, 551 (2002).
Respondent's computational adjustments after the 1996 partnership
proceedings were based on petitioners' distributive share of
partnership losses.  Petitioners should have raised the argument
that they were not partners in 1996 at the partnership
proceeding.  They cannot raise it now.  We lack jurisdiction to
determine whether the losses were improperly disallowed because
petitioners' status as partners is a partnership item and we lack
jurisdiction to redetermine deficiencies attributable to
partnership items in an affected items deficiency proceeding.
See <u>Crowell v. Commissioner</u>, <u>supra</u>; <u>Saso v. Commissioner</u>, <u>supra</u>;
<u>Maxwell v. Commissioner</u>, <u>supra</u>.

Petitioners make a third argument regarding our ability to
redetermine the accuracy-related penalties for each of the years
at issue.  Petitioners maintain we have jurisdiction over the
accuracy-related penalties because they are affected items,
rather than partnership items, and this is an affected items
deficiency proceeding.  We agree with petitioners that the
accuracy-related penalties are affected items because they are
based on tax petitioners owe as a result of adjustments to
partnership items on the partnership returns.  See <u>Olson v.</u>
<u>Commissioner</u>, T.C. Memo. 1996-384; sec. 301.6231(a)(5)-1T(d),
Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5,
1987).

We lack jurisdiction, however, in an affected items deficiency proceeding as here to redetermine liability for affected items that do not require partner-level factual determinations. See sec. 6230(a); Brookes v. Commissioner, 108 T.C. 1, 5 (1997); Crowell v. Commissioner, supra; N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744-745 (1987). We have repeatedly held that we lack jurisdiction in an affected items deficiency proceeding to redetermine the Commissioner's computational adjustments. Brookes v. Commissioner, supra at 5; Bradley v. Commissioner, 100 T.C. 367, 371 (1993); Saso v. Commissioner, supra at 734; Kohn v. Commissioner, T.C. Memo. 1999-150; Olson v. Commissioner, supra. Accordingly, we find that we lack jurisdiction to redetermine respondent's computational adjustments for 1994, 1995, and 1996 in this partner-level proceeding.

II. 1998 Theft Loss Carryback to 1995 and 1996

The next issue we must decide is whether we have jurisdiction to offset petitioners' 1995 and 1996 deficiencies with the theft loss petitioners claimed on the amended return for 1998. Respondent argues that this Court lacks jurisdiction to determine whether petitioners are entitled to the 1998 theft loss carryback because we lack jurisdiction to redetermine the deficiencies for 1995 and 1996. We agree.

Generally this Court has jurisdiction to consider the later years not before the Court that may be necessary to correctly redetermine the deficiency for the years currently before the Court. Sec. 6214(b); Vincentini v. Commissioner, T.C. Memo. 2008-271. We have already decided, however, that we lack jurisdiction to redetermine the deficiencies for 1995 and 1996 because the deficiencies are attributable to partnership items and we lack jurisdiction to redetermine deficiencies attributable to partnership items in an affected items proceeding. Moreover, petitioners cannot confer jurisdiction where none exists. See Evans Publg., Inc. v. Commissioner, 119 T.C. 242, 249 (2002). Accordingly, we conclude that we lack jurisdiction to determine whether petitioners are entitled to a 1998 theft loss carryback to tax years 1995 and 1996.[7]

To reflect the foregoing and the concessions of the parties,

An appropriate order will

be issued.

---

[7]We note that our holding does not bar petitioners from seeking future relief on these issues. Petitioners may challenge respondent's computational adjustments for 1994, 1995 and 1996 by paying them and filing a claim for a refund. See sec. 6230(c).