T.C. Memo. 2012-146

UNITED STATES TAX COURT

MICHAEL J. DALE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 206-10.                                  Filed May 22, 2012.

<u>Terri Ann Merriam</u>, for petitioner.

<u>Lisa M. Oshiro</u> and <u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on petitioner's motion for litigation and administrative costs under section 7430.[1]  Respondent concedes that

---

[1]All section references are to the Internal Revenue Code, unless otherwise indicated.

petitioner is entitled to all costs claimed except for $71.[2] The sole issue for decision is whether petitioner may recover the $71 for secretarial and clerical costs. We hold that petitioner may not.

## Background

We summarize the factual and procedural background briefly to rule on the instant motion. Petitioner resided in Washington at the time he filed the petition.

Petitioner was married for 38 years to Ellen Dale. The couple invested in a number of Hoyt partnerships[3] while married. Petitioner and Ms. Dale divorced in 2005. Respondent thereafter issued deficiency notices for the Dales' understatements of income tax for 1986 through 1996. Petitioner submitted a request for innocent spouse relief under section 6015(c) that respondent denied.

---

[2]Petitioner claimed $4,998.50 in litigation and administrative costs and respondent concedes he is entitled to reimbursement of $4,927.50.

[3]Jay Hoyt organized and promoted to numerous investors, and operated as a general partner, a total of almost 100 cattlebreeding partnerships between 1971 and 1992. He also formed partnerships to help manage or operate aspects of the Hoyt organization that included preparing tax returns for each investor. We determined in 2000 that Hoyt cattle operations lacked economic substance. Durham Farms #1, J.V. v. Commissioner, T.C. Memo. 2000-159, aff'd, 59 Fed. Appx. 952 (9th Cir. 2003). The Commissioner subsequently removed all Hoyt income and deductions from the investor partnership returns, and then he made computational adjustments to the individual partners' returns following the respective partnership proceedings. See McIntyre v. Commissioner, T.C. Memo. 2010-273, aff'd, 441 Fed. Appx. 398 (8th Cir. 2011).

Petitioner then sought this Court's review of respondent's determination.  Before trial the parties stipulated that petitioner is entitled to relief under section 6015(c).

Petitioner filed the instant motion for litigation and administrative costs of $4,998.50.  Respondent concedes that petitioner is entitled to an award of all claimed expenses except $71.  Respondent disputes claimed costs for secretarial and clerical work performed by a secretary ($37.50), an assistant ($23) and a "staff" member ($10.50) (collectively, fees at issue).

## Discussion

We now address whether petitioner may recover the fees at issue.  The prevailing party may be awarded reasonable litigation and administrative costs in any court proceeding brought by or against the United States involving the determination or collection of tax.  Sec. 7430(a)(2).  Respondent agrees that petitioner has met the requirements of section 7430, except with respect to the reasonableness of the fees at issue for secretarial and clerical costs.[4]  We note that respondent has allowed petitioner reasonable attorney's and paralegal's fees of $4,867.50 and the $60 filing fee.  The fees at issue are only the $71.

---

[4]A party seeking an award of costs and fees must establish that (1) the party has exhausted the administrative remedies available; (2) the party has substantially prevailed in the controversy; (3) the party satisfies certain net worth requirements; (4) the party has not unreasonably protracted the proceedings; and (5) the amount of costs is reasonable.  Sec. 7430(b) and (c).

Recoverable litigation costs include court costs and reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding. Sec. 7430(c)(1). Fees are compensable if incurred for work that would have been done by an attorney. See Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd, 496 U.S. 154 (1990)); see also Hongsermeier v. Commissioner, T.C. Memo. 2009-273 (awarding fees, in part, for legal work secretary completed). Reasonable fees and costs are items typically billed separately. See sec. 301.7430-4(c)(2)(i), Proced. & Admin. Regs.[5] Secretarial work and overhead expenses are usually part of the attorney's fee. See Bayer v. Commissioner, T.C. Memo. 1991-282 (citing Hirschey v. FERC, 777 F.2d 1, 5 (D.C. Cir. 1985)); sec. 301.7430-4(c)(2)(i), Proced. & Admin. Regs.

Here, the titles of the persons who performed the services are immaterial. Rather, the nature of the services performed is relevant. The fees at issue relate to routine administrative tasks (e.g., editing or scheduling) and not to the performance

---

[5] The regulation addresses administrative costs and is silent with respect to litigation costs. Sec. 301.7430-4, Proced. & Admin. Regs. Nonetheless, the regulation remains persuasive in the context of litigation costs. See Dunaway v. Commissioner, 124 T.C. 80, 93 n.13 (2005).

of legal services (e.g., drafting legal documents).[6]  Petitioner did not demonstrate that the fees at issue were for work akin to that of an attorney.  Accordingly, petitioner is not entitled to recover the fees at issue.

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[6]The declaration of petitioner's counsel and the attached exhibits explained the substance of the work for the fees at issue.