T.C. Memo. 2008-250

UNITED STATES TAX COURT

JOHN G. NASH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20728-07L.            Filed November 4, 2008.

John G. Nash, pro se.

<u>Matthew A. Houtsma</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us under Rule 121 on respondent's motion for summary judgment.  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

In this collection case under section 6330, petitioner challenges respondent's proposed levy relating to petitioner's outstanding Federal income taxes and accrued interest for 1984, 1985, and 1986[1] in the approximate total amount of $74,500, all of which relates to petitioner's investment in a so-called Hoyt tax shelter partnership from the early 1980s.[2]

On June 1, 1998, respondent timely assessed against petitioner the above taxes for 1984, 1985, and 1986, and on February 21, 2005, respondent timely mailed to petitioner a notice of intent to levy and a notice of a right to a hearing with respondent's Appeals Office.

On March 14, 2005, petitioner mailed to respondent a timely request for a collection Appeals Office hearing relating to respondent's proposed levy.

In connection with the Appeals Office hearing that was held on July 17, 2007, and an informal offer-in-compromise (OIC) that petitioner submitted to respondent on November 16, 2005,

---

[1] In his petition, petitioner also challenged respondent's proposed levy relating to petitioner's 1981 Federal income taxes. Respondent now concedes that petitioner has fully paid his 1981 Federal income tax liability and that no levy will be made against petitioner with regard thereto.

[2] For a description of Hoyt tax shelter partnerships see Phillips v. Commissioner, 272 F.3d 1172 (9th Cir. 2001), affg. 114 T.C. 115 (2000), and Durham Farms #1 v. Commissioner, T.C. Memo. 2000-159, affd. 59 Fed. Appx. 952 (9th Cir. 2003).

respondent's Appeals officer requested petitioner to provide financial information and a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. After repeated unsuccessful requests, respondent's Appeals officer set a deadline of August 3, 2007, for petitioner to submit the requested financial information. Petitioner never provided the requested information.

On August 21, 2007, respondent's Appeals Office mailed petitioner a notice of determination sustaining respondent's proposed levy for petitioner's outstanding tax liabilities for 1984, 1985, and 1986. Respondent's determination was based on petitioner's failure to produce the requested financial information needed to consider and to act on petitioner's proposed OIC.

On September 12, 2007, petitioner filed the petition giving rise to this action. In his petition, petitioner objects to the proposed levy on the grounds (1) that the $74,500 in outstanding Federal income taxes for 1984, 1985, and 1986 are barred from further collection activity by the running of the 10-year collection period of limitations under section 6502(a)(1), and (2) that petitioner's old age and ill health should justify a writeoff by respondent of the outstanding $74,500 as uncollectible.

## Discussion

### Period of Limitations

As stated, on June 1, 1998, respondent timely assessed petitioner's taxes for 1984, 1985, and 1986, and as of the time of filing of this action on September 12, 2007, the 10-year collection period of limitations under section 6502 (running from the date of assessment) had not expired. Further, under section 6330(e)(1), when petitioner requested his collection Appeals Office hearing pursuant to section 6330 to challenge the proposed levy, the collection period of limitations under section 6502 was suspended for the period during which the hearing and petitioner's appeal therefrom to this Court are pending. Accordingly, the 10-year collection period of limitations does not bar respondent's proposed levy relating to petitioner's outstanding 1984, 1985, and 1986 Federal income taxes.

### Petitioner's Old Age and Ill Health

Old age and ill health may involve economic hardship and under the regulations are factors relevant to one of several grounds for compromising a Federal income tax liability (e.g., promoting effective tax administration). See sec. 301.7122-1(b)(3)(i), Proced. & Admin. Regs. However, "An offer to compromise a tax liability pursuant to section 7122 must be

submitted according to the procedures, and in the form and manner, prescribed by [respondent]." Sec. 301.7122-1(d)(1), Proced. & Admin. Regs. By not submitting a Form 433-A, petitioner failed to provide respondent with the requested financial information necessary for respondent to evaluate any economic hardship to petitioner.

Summary Judgment

Summary judgment is proper where there remains no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Beery v. Commissioner, 122 T.C. 184, 187 (2004). In responding to a motion for summary judgment, the opposing party has a duty to "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

In a collection action where petitioner's tax liability is not at issue, we review the appropriateness of respondent's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Petitioner's failure to provide respondent's Appeals Office with requested financial information in connection with petitioner's proposed OIC fully supports respondent's determination to sustain respondent's proposed levy action.

For the reasons stated, we shall grant respondent's motion for summary judgment.

<u>An appropriate order and</u>

<u>decision will be entered</u>.