T.C. Memo. 2011-282

UNITED STATES TAX COURT

STEPHEN AND CAROLANN LAMPF, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24428-09L.                  Filed November 29, 2011.

<u>Stephen Lampf</u>, for petitioners.

<u>Donald M. Brachfeld</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioners
seek review of respondent's determination to proceed with
collection of their unpaid 2005 Federal income tax liability.

———————————

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code.

The issue for decision is whether respondent abused his discretion by sustaining the proposed collection activity.[2]

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in New Jersey.

On February 12, 2007, petitioners filed their Federal income tax return for 2005 but failed to pay the tax shown on the return as due. On March 17, 2009, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing relating to their outstanding income tax liability for 2005.[3] On March 30, 2009, respondent received petitioners'

_____

[2] Petitioners argue for the first time on brief that the settlement officer was not an impartial officer or employee as required under sec. 6330(b)(3). Although generally we will not consider issues that are raised for the first time at trial or on brief, we note that the record does not support petitioners' argument. See Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975). For purposes of sec. 6330(b)(3), an Internal Revenue Service (IRS) Office of Appeals (Appeals) employee is considered to be "impartial" if he or she had "'no prior involvement with respect to the unpaid tax'" at issue. Day v. Commissioner, T.C. Memo. 2004-30 (quoting sec. 6330(b)(3)). Petitioners offered no evidence that the settlement officer had any prior involvement with the liability at issue. Moreover, nothing in the record suggests that the settlement officer involved in petitioners' hearing was demonstrably biased. See Criner v. Commissioner, T.C. Memo. 2003-328.

[3] The notice also related to petitioners' outstanding income tax liability for 2007. Petitioners paid in full their
(continued...)

timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioners sought to settle their tax liability at issue through an offer-in-compromise (OIC) based on doubt as to collectibility. Petitioners do not dispute the underlying tax liability.

Settlement Officer Stacey Simpson (Officer Simpson) was the IRS Appeals settlement officer assigned to petitioners' case. On May 15, 2009, Officer Simpson sent petitioners a letter (May 15 letter) regarding their requested collection due process hearing (CDP hearing). The May 15 letter stated that Officer Simpson could consider collection alternatives, such as an OIC, only if petitioners provided her with the items listed in the letter. The listed items included: (1) A copy of petitioners' signed and filed Federal income tax return for 2008; (2) a completed Form 656, Offer in Compromise; (3) a $150 application fee; (4) a verification of 20-percent payment of lump-sum offer; and (5) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, including all required attachments; i.e., earnings statements, statements for checking and savings accounts, and bills or statements for monthly recurring expenses for the 3 months before the date of the Form 433-A. Officer Simpson instructed petitioners to send the listed

---

[3](...continued)
tax liability for 2007, and this Court granted respondent's motion to dismiss as moot taxable year 2007.

items to her within 14 days from the date of the May 15 letter. The May 15 letter further stated: "I cannot consider collection alternatives at your conference **without this information**."

A telephone CDP hearing was ultimately scheduled for June 9, 2009. On June 2, 2009, petitioner Stephen Lampf (Mr. Lampf) faxed to Officer Simpson Form 656, a copy of a check for $1,150 (the $150 application fee plus 20 percent of the lump-sum offer), and Form 433-A. Petitioners attached to the Form 433-A copies of: (1) Mr. Lampf's Form W-2, Wage and Tax Statement, for 2008; (2) petitioners' Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, for 2008; and (3) petitioners' Form 1040A, U.S. Individual Income Tax Return, for 2007. Petitioners did not attach copies of their checking account statements or documents verifying their monthly expenses. In the fax, Mr. Lampf told Officer Simpson: "Should you need verification of the expenses on Form 433-A, Ms. Deza Lazar of Newark Appeals should be able to provide that to you, as it was previously submitted on July 1, 2008."[4]

On June 3, 2009, Officer Simpson sent the following fax to Mr. Lampf: "Any information you have to send to me ([Form] 656

---

[4] Petitioners had previously submitted a Form 433-A in connection with a prior OIC relating to their tax liabilities for 1997 and 2000 through 2005. That OIC was ultimately rejected. The documentation submitted with that OIC would relate to the 3 months before July 2008 and not the 3-month period before the June 2, 2009, Form 433-A.

w/payment and supporting documentation to * * * [Form 433-A]) should be in my office before the scheduled conference date of 6/9/2009." Petitioners did not send any additional supporting documentation.

During the hearing Officer Simpson explained to Mr. Lampf that she was unable to consider a collection alternative because petitioners had not provided the required supporting documentation to Form 433-A. Mr. Lampf replied that he had faxed Officer Simpson a copy of Form 433-A. Officer Simpson stated that the information Mr. Lampf faxed could not be processed. The hearing was terminated shortly thereafter. Officer Simpson's June 9, 2009, entry in her case activity record states that she told Mr. Lampf she was unable to consider a collection alternative because he had not provided supporting documentation. After the hearing, Mr. Lampf asked Officer Simpson to issue a notice of determination.

On June 12, 2009, Appeals issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy. The notice of determination stated that the information petitioners faxed Officer Simpson could not be processed.

OPINION

## I. The Parties' Arguments

Petitioners assert that Officer Simpson abused her discretion by refusing to consider their OIC. Specifically, petitioners argue that Officer Simpson refused to consider the OIC because she had only copies of the required forms and not the originals. Respondent counters that the OIC was not considered because petitioners failed to submit the required financial information.

## II. Abuse of Discretion

Section 6330(a) provides that the Secretary shall furnish a taxpayer with written notice of his right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

Petitioners' underlying tax liability is not in dispute; thus, the Court reviews Appeals' determination for abuse of

discretion.  See Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.  To establish abuse of discretion, the taxpayer must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Sego v. Commissioner, supra at 610, and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)); see Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).  In reviewing for abuse of discretion, we generally consider only the arguments, issues, and other matters that were raised at the CDP hearing or otherwise brought to the attention of Appeals.  Giamelli v. Commissioner, supra at 115; Magana v. Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Section 7122(a) authorizes the Commissioner to compromise a taxpayer's outstanding liabilities.  The regulations and procedures under section 7122 provide the exclusive method of effecting a binding nonjudicial compromise.  Laurins v. Commissioner, 889 F.2d 910, 912 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265; Litwak v. Commissioner, T.C. Memo. 2009-292.

Section 301.7122-1(d)(1), Proced. & Admin. Regs., provides:

> An offer to compromise a tax liability pursuant to section 7122 must be submitted according to the procedures, and in the form and manner, prescribed by the Secretary.  An offer to compromise a tax liability must be made in writing, must

> be signed by the taxpayer under penalty of perjury, and must contain all of the information prescribed or requested by the Secretary. * * *

See Nash v. Commissioner, T.C. Memo. 2008-250; Harbaugh v. Commissioner, T.C. Memo. 2003-316.

An OIC can be processed when the IRS determines that the offer was submitted on the proper version of Form 656 and Form 433-A, the taxpayer is not bankrupt, the taxpayer enclosed the application fee, and the offer meets any other minimum requirements set by the IRS. See Rev. Proc. 2003-71, sec. 5.01, 2003-2 C.B. 517, 518. An OIC must be submitted on a special form prescribed by the Secretary. Laurins v. Commissioner, supra at 912. Section 601.203(b), Statement of Procedural Rules, provides that "Offers in compromise are required to be submitted on Form 656, properly executed, and accompanied by a financial statement on Form 433 (if based on inability to pay)."

Form 433-A requires taxpayers to include documentation to support their claimed income and expenses. See Rev. Proc. 2003-71, sec. 4.03, 2003-2 C.B. at 518 (stating that the "offer should include all information necessary to verify the grounds for compromise"). The supporting documentation includes copies of earnings statements, checking account statements, and bills or statements for monthly recurring expenses. See Form 433-A

(2008).  Taxpayers are required to provide copies of the above
items for the 3 months before the date the Form 433-A is
submitted.  Id.

Petitioners failed to attach all of the required supporting
documentation to Form 433-A.  Petitioners did not attach copies
of their checking account statements or bills for their monthly
expenses for the 3 preceding months.  Mr. Lampf's instruction to
Officer Simpson to obtain verification of petitioners' expenses
from their prior OIC does not satisfy the Form 433-A requirement
for supporting documentation.  Even if Officer Simpson had been
able to obtain the documentation from petitioners' previous OIC,
the documentation would not have covered the required timeframe
(i.e., would not have covered the 3 months before petitioners'
submitting Form 433-A).

Officer Simpson warned petitioners that she could not
consider their request for an OIC without the required
documents.[5]  It is not an abuse of discretion for a settlement

---

[5]  Petitioners have not shown that Officer Simpson refused
to consider their OIC because she did not have originals.
Respondent's position that Officer Simpson refused to consider
the OIC because petitioners did not provide all the required
information is supported by the evidence.  In her case activity
record, Officer Simpson stated that she was unable to consider
the OIC because petitioners failed to provide her the required
information.  This is consistent with the communications between
Officer Simpson and petitioners before the hearing.  Officer
Simpson's May 15 letter to petitioners informed them that she
would not be able to consider an OIC if they did not provide her
with the required information.  After receiving petitioners' Form
(continued...)

officer to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information.  <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005); see <u>Cavazos v. Commissioner</u>, T.C. Memo. 2008-257.  Accordingly, Officer Simpson did not abuse her discretion by not considering an OIC.

Nothing in the record justifies a conclusion that Officer Simpson abused her discretion, and petitioners have not shown that Appeals' determination to sustain the notice of intent to levy was arbitrary, capricious, or without sound basis in fact or law.  See <u>Giamelli v. Commissioner</u>, <u>supra</u> at 111.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5](...continued)
433-A without the required attachments, Officer Simpson sent Mr. Lampf a fax on June 3 reminding him that she needed all the required attachments to Form 433-A before the scheduled CDP hearing.