**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-17

UNITED STATES TAX COURT

ALAN DWAYNE BERNS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25639-11S L.                    Filed February 25, 2013.

Alan Dwayne Berns, pro se.

<u>Melissa Jane Hedtke</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the filing of a notice of Federal tax lien (NFTL) with respect to his unpaid 2003, 2004, 2005, and 2006 Federal income tax. The issue for decision is whether respondent abused his discretion in sustaining the filing of an NFTL.

## Background

Petitioner resided in South Dakota when he filed the petition. Petitioner failed to file tax returns for 2003, 2004, 2005, and 2006. As a result, respondent prepared a substitute for return for each year pursuant to section 6020(b). Respondent mailed petitioner a notice of deficiency for each year. Petitioner did not file a Tax Court petition disputing any of the notices of deficiency, and the amounts listed in the notices of deficiency were assessed.

Respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. In response, petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner requested withdrawal of the lien and selected an offer-in-compromise

(OIC) as a collection alternative. Petitioner referenced his health problems as reasons he disagreed with the filing of the NFTL.

By letter, respondent scheduled a telephone collection due process (CDP) hearing on August 16, 2011, and requested that petitioner provide a completed collection information statement with supporting documentation and file Federal income tax returns for 2008, 2009, and 2010. On August 16, 2011, respondent issued petitioner a letter notifying him that the settlement officer (SO) had called petitioner on August 16, 2011, but had not been able to reach petitioner and that the SO did not receive any of the requested financial information or delinquent tax returns. The letter also offered petitioner an additional 14 days to provide the requested information.

On October 4, 2011, respondent issued a notice of determination sustaining the lien on the basis of petitioner's failure to provide any of the requested information. Petitioner timely petitioned the Tax Court for review of respondent's determination. In the petition, petitioner requested additional time to file his delinquent tax returns and cited his health problems as a reason he disagreed with respondent's determination.

## Discussion

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person who is liable for Federal tax and neglects or refuses to pay the tax after notice and demand for payment has been made. Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of an NFTL and provided an opportunity for an administrative hearing. A hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c).

If a taxpayer requests a hearing in a lien case, the hearing is to be conducted by the Appeals Office. Sec. 6320(b)(1). At the hearing the SO must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including challenges to the appropriateness of the proposed lien and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is expected to provide all relevant information requested by Appeals for its consideration of the facts and issues involved in the hearing, including financial statements. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. A taxpayer may challenge the existence or amount of the

underlying tax liability if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax. Sec. 6330(c)(2)(B).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court will review all other determinations regarding the proposed collection for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182. Generally, we consider only arguments and issues the taxpayer raised at the collection hearing or otherwise brought to the attention of Appeals. Giamelli v. Commissioner, 129 T.C. 107, 112-113 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

A CDP hearing may consist of one or more written or oral communications between the SO and the taxpayer. Secs. 301.6320-1(d)(2), Q&A-D6, 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see Katz v. Commissioner, 115 T.C. 329 (2000); Dinino v. Commissioner, T.C. Memo. 2009-284. The statute requires only that a taxpayer be given a reasonable chance to be heard before the issuance of a notice of determination. Roman v. Commissioner, T.C. Memo. 2004-20.

When a hearing officer is unable or refuses to consider collection alternatives because of a taxpayer's failure to provide financial information, courts have held that there was no abuse of discretion. Schwersensky v. Commissioner, T.C. Memo. 2006-178; see also Lance v. Commissioner, T.C. Memo. 2009-129.

The Secretary may compromise any civil or criminal case arising under the Internal Revenue laws. Sec. 7122(a); Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Section 7122(d) provides that the Secretary "shall prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute." Taxpayers who wish to propose an OIC must submit a Form 656, Offer in Compromise. See Godwin v. Commissioner, T.C. Memo. 2003-289, aff'd, 132 Fed. Appx. 785 (11th Cir. 2005). We have consistently held that the Commissioner has not abused his discretion for failing to consider an OIC where a taxpayer failed to submit an offer to the SO. Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). Petitioner did not submit a Form 656, complete financial information, or any proposed settlement terms. Therefore the Court finds that the SO did not abuse her discretion when she sustained the filing of the NFTL. Cf. Nash v. Commissioner, T.C. Memo. 2008-250.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.