T.C. Memo. 2016-184

UNITED STATES TAX COURT

HEBER E. COSTELLO, LLC, SCOTT D. COSTELLO,
SINGLE MEMBER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 31216-12L, 686-13L.          Filed September 29, 2016.

Ray C. Mayo, Jr., for petitioner.

Thomas Alan Friday, Horace Crump, and Caroline R. Krivacka, for

respondent.

MEMORANDUM OPINION

NEGA, Judge:  These cases were consolidated for purposes of trial,

briefing, and opinion.  Heber E. Costello, LLC (LLC), and Scott D. Costello,

single member (hereinafter collectively referred to as petitioner) commenced these

[*2] cases in response to two Notices of Determination Concerning Collection

Action(s) under Section 6320 and/or 6330 (notices of determination) dated

November 28 and December 3, 2012, upholding collection actions regarding

employment tax liabilities under Forms 941, Employer's Quarterly Federal Tax

Return, for the quarterly periods ending March, June, and September 2007, and

March, June, and September 2008 and liabilities under Forms 940, Employer's

Annual Federal Unemployment (FUTA) Tax Return, for tax years ending

December 2006 and December 2008, respectively.[1]  Respondent assessed

liabilities in LLC's Federal employment tax[2] from Forms 941 in the following

amounts:

| Tax period ending | Amount |
|---|---|
| Mar. 31, 2007 | $23,439 |
| June 30, 2007 | 26,823 |
| Sept. 30, 2007 | 298 |
| Mar. 31, 2008 | 142,971 |

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2]For convenience, we use the term "employment tax" to refer to taxes under the Federal Insurance Contribution Act, secs. 3101-3128, and FUTA, secs. 3301-3311.

**[*3]**

|  |  |
|---|---|
| June 30, 2008 | 119,499 |
| Sept. 30, 2008 | 97,729 |

Respondent assessed liabilities in LLC's Federal employment tax from Forms 940 of zero[3] and $117 for the periods ending December 31, 2006 and 2008, respectively.

The amounts of the liabilities are not in dispute. The issues for consideration are whether (1) Mr. Costello as the sole member of LLC is liable for the payment of employment tax liabilities of LLC for taxable periods ending before January 1, 2009, and (2) respondent abused his discretion in upholding the collection action against petitioner.

## Background

These cases were submitted under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Mr. Costello resided in Louisiana at the time the petitions in these cases were filed.

---

[3]Respondent notes that the balance for the period ending December 31, 2006, was paid in full between the issuance of the notice of intent to levy and the notice of Federal tax lien.

**[*4]** In 1989 Mr. Costello's father incorporated Heber E. Costello, Inc. (HECI), in the State of Louisiana. HECI thereafter filed Forms 1120, U.S. Corporation Income Tax Return. At the time of its incorporation, HECI was solely owned by Mr. Costello's father. After his father's death, Mr. Costello became the sole owner of HECI at some point before 2004.

On December 31, 2003, Mr. Costello formed LLC in the State of Louisiana. He is its sole member. LLC has never filed Form 8832, Entity Classification Election. HECI and LLC merged on December 31, 2003, and HECI thereafter ceased to exist. Since the merger, LLC has filed Forms 1120 using HECI's employer identification number.

Mr. Costello filed Forms 940 and 941 on behalf of LLC but did not make sufficient tax deposits or pay the tax due for its employment tax liabilities for the first three quarters of tax years 2007 and 2008 or pay the tax due for its employment tax liabilities for the periods ending December 31, 2006 and 2008.

Respondent issued a notice of intent to levy (NOIL) on June 1, 2011, for all periods listed above and a notice of Federal tax lien (NFTL) filing on December 13, 2011, for all periods listed above except for tax year 2006. Petitioner timely submitted Forms 12153, Request for a Collection Due Process or Equivalent

**[*5]** Hearing (CDP hearing), on June 26, 2011, and January 6, 2012, in response to the NOIL and the NFTL filing, respectively.

Mr. Costello indicated in his levy CDP hearing request that he could not pay the outstanding liabilities and wanted to submit either an installment agreement or an offer-in-compromise (OIC). Exhibit 3-J reflects that an unnamed revenue officer received an OIC premised on doubt as to liability from Mr. Costello and subsequently forwarded the OIC to respondent's Brookhaven Centralized OIC Unit. The record does not include a copy of the OIC, nor does Mr. Costello argue that he ever submitted an OIC. It appears that any OIC he submitted would have been based on his argument that he was not individually liable for the employment tax liabilities of LLC, the same argument he makes before the Court. The settlement officer (SO) did not see or review any such OIC. Both of Mr. Costello's CDP hearing requests indicated that he wanted Appeals to consider the abatement of taxes.

By letter dated February 2, 2012, the SO scheduled the CDP hearing for February 23, 2012. The SO requested that Mr. Costello provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, before the hearing. Mr. Costello did not submit a Form 433-A or any collection alternatives before the hearing.

[*6]   The SO met with petitioner's representative, who is also petitioner's counsel

in these cases, on February 23, 2012.  Mr. Costello did not submit an OIC or any

other collection alternatives to Appeals, nor did he present any argument with

respect to the abatement of taxes.  Mr. Costello's sole argument during the CDP

hearing and in these cases is that LLC, and not Mr. Costello personally, is liable

for the employment taxes due from LLC.  The SO verified that all requirements of

any applicable law or administrative procedure were met, and the notices of

determination upholding the proposed lien and levy actions were issued on

November 28 and December 3, 2012, respectively.  Petitioner timely filed a

petition for review of the determination.

## Discussion

I.   Overview of CDP Hearing Requirements and Standard of Review

Sections 6321 and 6323 impose a valid lien for unpaid Federal taxes, which

arises when an assessment is made.  Sec. 6322.  The Secretary must notify the

taxpayer in writing of the filing of a notice of lien and, among other things, the

taxpayer's right to request a hearing on the matter.  Sec. 6320(a).  Section 6331(a)

authorizes the Secretary to levy upon property and property rights of a taxpayer

liable for taxes who fails to pay those taxes within 10 days after notice and

demand for payment is made.  Section 6331(d) requires that the Secretary give

[*7] written notice to the taxpayer of his intent to levy, and section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a hearing before Appeals at least 30 days before any levy begins. To the extent practicable, a hearing pursuant to section 6320 may be held in conjunction with a hearing held pursuant to section 6330. Sec. 6320(b)(4).

If the taxpayer requests a hearing in response to either a notice of Federal tax lien filing or a notice of intent to levy, he may raise at the hearing any relevant issue as to the propriety of the proposed levy, such as spousal defenses, challenges to the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). A taxpayer may also challenge the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

The Appeals officer must make a determination about whether to uphold the collection action, taking into consideration (1) verification that the requirements of any applicable law or administrative procedure have been met, (2) relevant issues raised at the hearing, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern

**[\*8]** that any collection action be no more intrusive than necessary. Sec. 6330(c)(1), (2), and (3).

A taxpayer may petition the Court under section 6330(d) to review Appeals' determination. Where the validity of the underlying tax liability is properly at issue, we review the tax liability de novo. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews other administrative determinations of Appeals for abuse of discretion. Craig v. Commissioner, 119 T.C. 252, 260 (2002) (citing Sego v. Commissioner, 114 T.C. at 610). An abuse of discretion occurs when Appeals' determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005). A taxpayer generally bears the burden of proving abuse of discretion, including in a case, such as this one, that has been fully stipulated by the parties. Rule 122(b); Titsworth v. Commissioner, T.C. Memo. 2012-12.

Mr. Costello does not challenge the amounts of the tax liabilities; rather, he challenges respondent's determination that he is individually liable for the unpaid employment taxes of LLC. Since the validity of the tax liabilities is not at issue, it is proper for us to review Appeals' determination for abuse of discretion. Sego v.

[*9] <u>Commissioner</u>, 114 T.C. at 610.  However, since the only decision we must make is a legal determination, the result would be the same under a de novo standard of review.  <u>See, e.g.</u>, <u>Comensoli v. Commissioner</u>, T.C. Memo. 2009-242, <u>aff'd</u>, 422 F. App'x 412 (6th Cir. 2011); <u>L & L Holding Co, LLC v. United States</u>, Nos. 05-0794-A, 05-0817-A, 2008 U.S. Dist. LEXIS 35229, at *8-*9 (W.D. La. Apr. 30, 2008).

II.     <u>Entity Classification of LLC</u>

Section 301.7701-3(a), Proced. & Admin. Regs., allows an eligible business entity other than a corporation to elect its classification for Federal tax purposes. An eligible entity with a single owner such as Mr. Costello may elect to be classified as an association or disregarded as an entity separate from its owner.  <u>Id.</u> An eligible domestic entity with a single owner that does not file an election is disregarded as an entity separate from its owner.  <u>Id.</u> para. (b)(1)(ii).  An election is necessary only when an eligible entity chooses to be classified initially as something other than its default classification or when an eligible entity chooses to changes its classification.  <u>Id.</u>  An entity whose classification is determined under the default classification retains that classification until the entity makes an election to change it by filing Form 8832, Entity Classification Election.  <u>Id.</u> para. (c)(1)(i).  An election will not be accepted unless all of the information required

**[\*10]** by Form 8832 and its instructions is provided.  Id.  Further, to avoid penalties, an eligible entity that is required to file a Federal tax or information return for the taxable year in which an election is made must attach a copy of Form 8832 to its Federal tax or information return for that year.  Id. subpara. (1)(ii).

Under these rules, LLC is disregarded as a separate entity from petitioner, its owner, because it is a single-member LLC that has never filed Form 8832. Notwithstanding this conclusion, petitioner makes a number of arguments as to why Form 8832 is not the only method by which an eligible entity may elect to change its classification.  First, petitioner argues that the merger of HECI and LLC was a valid reorganization under section 368(a)(1)(F), and as a result, LLC should be treated as a corporation for Federal tax purposes.  Second, petitioner argues that the filing of Forms 1120 for the first year after the merger of HECI and LLC constituted a valid election for LLC to be taxed as a corporation.  Third, petitioner argues that the doctrine of equitable estoppel prevents respondent from contending that LLC is not a corporation because of his "tacit acquiescence" to the filings of Forms 1120 for the year of the merger and subsequent years.

Petitioner failed to provide any supporting legal citations or precedent for the three arguments outlined above.  Regardless, we briefly respond to petitioner's arguments.

[*11] Regardless of whether the merger of HECI and LLC qualified as a valid reorganization under section 368(a)(1)(F), LLC never filed Form 8832 electing its classification for Federal tax purposes as an association and thus is not a corporation but rather is disregarded as an entity separate from its owner.

Second, an eligible entity may not elect its entity classification by filing any particular tax return it wishes; it must do so by filing Form 8832 and following the instructions within section 301.7701-3(c)(1)(i), Proced. & Admin. Regs. Thus, LLC could not elect to be treated as a corporation merely by filing corporate income tax returns.

Third, equitable estoppel does not bar respondent from treating LLC as a disregarded entity. Equitable estoppel is to be applied against the Commissioner with the utmost restraint. Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992). The elements of estoppel are: "(1) * * * a false representation or wrongful misleading silence; (2) the error must be in a statement of fact and not in an opinion or a statement of law; (3) the person claiming the benefits of estoppel must be ignorant of the true facts; and (4) he must be adversely affected by the acts or statements of the person against whom an estoppel is claimed." Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977) (citing Underwood v. Commissioner, 63 T.C. 468 (1975), aff'd, 535 F.2d 309 (5th Cir. 1976)).

**[*12]** Respondent made no false statement to petitioner, and we do not agree that his lack of rejection of LLC's filed Forms 1120 is a wrongful misleading silence. Moreover, Mr. Costello knew that LLC has never filed a Form 8832 to elect to be treated as anything other than a disregarded entity. For the foregoing reasons, petitioner's arguments fail and LLC is disregarded as an entity separate from Mr. Costello.

III.   Petitioner's Liability for LLC's Unpaid Taxes

The Internal Revenue Code requires employers to pay employment taxes imposed on employers and to withhold from employees' wages certain taxes imposed on employees. See secs. 3111, 3301, 3101, 3102. Section 3402 requires employers to withhold from employees' wages the amounts of Federal income tax owed by those employees. Section 3301 imposes a tax on every employer with respect to individuals in his employ.

For employment taxes related to wages paid before January 1, 2009, a disregarded entity's activities are treated in the same manner as those of a sole proprietorship, branch, or division of the owner. Sec. 301.7701-2(a), Proced. & Admin. Regs. (former regulation), amended by T.D. 9356, 2007-2 C.B. 675. Accordingly, the sole member of a limited liability company and the limited liability company itself are a single taxpayer or person who is personally liable for

**[\*13]** purposes of employment tax reporting and wages paid before January 1, 2009. <u>Med. Practice Sols., LLC v. Commissioner</u>, 132 T.C. 125, 127 (2009), <u>aff'd without published opinion sub nom.</u> <u>Britton v. Shulman</u>, 2010 U.S. App. LEXIS 19925 (1st Cir. 2010). Mr. Costello is therefore liable for LLC's unpaid employment tax liabilities arising during the tax periods and tax years at issue since they relate to wages paid before January 1, 2009. <u>See</u> sec. 301.7701-2(c)(2)(iv), Proced. & Admin. Regs.; <u>see also</u> <u>id.</u> para. (e)(5)(ii).

IV.    <u>Appeals' Determination</u>

Since we have held that Mr. Costello is liable for the tax liabilities at issue, we next analyze whether the SO abused her discretion in upholding the collection actions against him. We conclude that the SO's decision to uphold the collection actions was not an abuse of discretion in the light of Mr. Costello's failure to submit the requested financial information. <u>See, e.g.</u>, <u>Lampf v. Commissioner</u>, T.C. Memo. 2011-282; <u>Cavazos v. Commissioner</u>, T.C. Memo. 2008-257, slip op. at 11 ("It is not an abuse of discretion for an appeals officer to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information."). Further, if Mr. Costello did in fact submit an OIC, it was based only on doubt as to liability. It was not an abuse of discretion for the SO to conclude, as do we, that Mr. Costello

[*14] is liable under the former regulation for LLC's unpaid employment taxes. Alternatively, if Mr. Costello did not submit an OIC, we have consistently held that it is not an abuse of the Commissioner's discretion not to consider an OIC where a taxpayer has failed to submit an offer to Appeals. Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). The SO followed the requirements of section 6330(c), and her decision to uphold the collection actions was not an abuse of discretion.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decisions will be entered

for respondent.